

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. T. Weber, President
Texas State Board of Dental Examiners
Norwood Building
Austin, Texas

Dear Sir:

Opinion No. O-3413
Re: Does the advertising done
by the National Dental
Laboratory violate the
Dental Laws of Texas?

We have received your letter in which you request
the opinion of this department in regard to the possible vio-
lations by the National Dental Laboratory of Fort Worth,
Texas, of Article 752b, Vernon's Annotated Penal Code, as
amended.

We have studied carefully the three exhibits and
three proposed informations enclosed in your request letter.
Your first series of questions concerns the possible viola-
tions of Article 752b and Article 752c of the Penal Code as
amended. These two articles were parts of the Acts of 1937
of the 45th Legislature. In this Act the Legislature was
setting up a code of practice for the profession of dentistry;
and although the act is slightly ambiguous, a careful analysis
reveals that it was set up to cover the field of the properly
licensed practicing dentist. In this connection we would
first point out that Article 747, Vernon's Annotated Penal
Code makes it unlawful for an individual to practice dentistry
without first having obtained a license from the Dental Board.
Article 752b, of the Penal Code, then prescribes a series of
"shall nots" for the licensed dentist. The following language
from the statute in question illustrates this:

"Employing 'Cappers' or 'Steerers' to solicit
and/or obtain business; --

". . . .

"Advertising professional superiority;

"  . . . .

"Advertising bargains, cut rates;

"  . . . .

"Giving a public demonstration of skill or methods;

"  . . . .

"Using any photostat, copy, transcript, or any other representation in lieu of a diploma, license, or registration certificate as evidence of authority to practice dentistry."

We find further support for our position that Article 752b applies only to the licensed dentist, in checking the penalties imposed for violations of this Article. Article 752c, Vernon's Penal Code, defines the following power of the Board and penalties to be applied for violations of the aforementioned statute. First the Board after hearing may cancel or revoke the license of a dentist violating the "professional code." Second, if said person "shall practice on or offer to practice dentistry in this State or hold himself out as practicing dentistry in this State after such order revoking or cancelling his license to practice dentistry shall have become final as herein provided are during the period of suspension of such license after such suspension has become final, he shall be punished by fine . . ., etc." It then becomes clear that the penalty for violations of this "professional code" is first a suspension or revocation of license then a possible fine or imprisonment, only however after a license has been suspended or revoked.

Article 754, Vernon's Annotated Penal Code, reads as follows:

"Any person who shall violate any provision of this Chapter shall be fined not less than Fifty ($50.00) Dollars, nor more than Three Hundred ($300.00) Dollars, or be confined in jail

Honorable R. T. Weber, page 3

from one to six months or both. Each day of
such violation shall be a separate offense."

If we were to say that Article 754, supra, applies
to violations in this statute, we would then be faced with
the fact that we have two penalties of a different nature for
the same offense and the statute would fall for lack of cer-
tainty. Applying one of the cardinal rules of construction
every effort must be made to construe the statute so that it
will be constitutional and valid. We wish to point out that
for the above reasons this opinion overrules that part of
Attorney General's Opinion No. 0-1905 insofar as that opinion
states that Article 752b, Vernon's Annotated Penal Code of
Texas, applies to one attempting to practice dentistry with-
out a license.

Since you state in your letter that Mr. Lybrand,
operator of the National Dental Laboratory is not a licensed
dentist, nor a physician or surgeon, his acts would not fall
within the scope of Article 752b, supra.

In your last question you ask if the exhibits do
not show a violation of the provisions of Article 752b, do
they show a violation of any provision of the Dental Law.
In answering this question, we first quote from our opinion
No. 0-1905.

"Article 4551a, Vernon's Annotated Civil
Statutes of Texas, reads in part as follows:

"'Any person shall be regarded as practic-
ing dentistry within the meaning of this chapter:

"'Who shall offer or undertake . . . to
diagnose . . . treat, operate or prescribe, by
any means or method, for any disease, pain, in-
jury, deficiency, deformity or physical condi-
tion of the human teeth, alveolar process, gums
or jaws and charge therefor, directly or indirect-
ly, money or other compensation.'

"Webster's International Dictionary, Second
Edition, defines 'alveolar process' as:

"'The ridge, or raised thickened border, of the mandible and superior maxillary bones which contain the sockets of the teeth.'

". . . .

". . . To duplicate, or offer to duplicate, a patient's old denture into a type of plate on display in a 'public dental laboratory' for compensation is prescribing or designation of a remedy for the alveolar process and has been defined as a practice of dentistry by Article 4551a, Vernon's Annotated Civil Statutes of Texas."

Article 747, Vernon's Penal Code, reads as follows:

"It shall be unlawful for any person to practice, or offer to practice, dentistry in this State or hold himself out as practicing dentistry in this State without first having obtained a license from the State Board of Dental Examiners. Said license must be signed by all members of the Board and shall have a small photograph of the licensee attached thereon which must be partially covered by the official seal of the Board."

Although it will be a fact question to be decided by the jury as to whether Mr. Lybrand is actually practicing dentistry the facts appearing in the exhibits and your letter indicate that Mr. Lybrand is violating Article 747 of the Penal Code.

APPROVED JUL 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By
Frederik B. Isely
Assistant

FBI:db


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN